## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAMAR R. PEARSON, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 23-cv-3597 (APM)** |
| ) | |
| **PHIL MENDELSON, MURIEL BOWSER,** ) | |
| **& D.C. RETIREMENT  BOARD** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM OPINION

### I.

Pro se Plaintiff Lamar R. Pearson, Sr. is a former D.C. public school teacher who receives healthcare insurance benefits through the D.C. Retirement Board.  Compl., ECF No. 1 [hereinafter Compl.], at 1.  In 1991, he enrolled in a plan with Kaiser Permanente.  *Id.*  In 2018, he attempted to change his plan from "Self Plus Family" to "Self Plus One."  Soon thereafter, he was advised that his health insurance provider had been changed from Kaiser Permanente to Humana, which did not serve his zip code.  *Id.*  Plaintiff filed this action against Defendants D.C. Council Chairman Phil Mendelson,[1] Mayor Muriel Bowser, and the District of Columbia Retirement Board ("DCRB"), claiming that the change in provider was negligent and has caused him "mental and physical hurt" from the ensuing struggle to change his plan back.  *Id.* at 2.

Because this court lacks subject-matter jurisdiction as to the claims against all Defendants, the court grants Defendants' respective motions to dismiss.

---

[1] Plaintiff's complaint and the docket refer to Defendant Chairman Phil Mendelson as "Councilman Mendohlson."  Based upon Defendant Mendelson's filings, the court will assume Plaintiff intended to name Phil Mendelson, Chairman of the Council of the District of Columbia, as a defendant in this matter.

## II.

Defendant Mendelson and Defendants Bowser and the DCRB have moved separately to dismiss under Rules 12(b)(1) and (b)(6), and Defendant DCRB has moved to dismiss under Rule 12(b)(5).   Def. Mendelson's Mot. to Dismiss Pl.'s Compl., ECF No. 4, [hereinafter Def. Mendelson's Mot.], Def. Mendelson's Mem. in Supp., ECF No. 4-1, [hereinafter Def. Mendelson's Mem.]; Defs. Mayor Muriel Bowser & D.C. Retirement Board's Mem. of P&A in Supp. of Mot. to Dismiss, ECF No. 8, [hereinafter Defs. Bowser & DCRB's Mot.].

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts the plaintiff's factual allegations as true and "construe[s] the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (internal quotation marks omitted).   The court need not accept as true, however, "inferences . . . unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).   "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).   A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, then the court must grant the defendant's Rule 12(b)(6) motion and dismiss the complaint.   *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

On a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over his claims.   *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–

61 (1992).  Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *D.C. Transit Sys., Inc. v. United States*, 717 F.2d 1438, 1440 n.1 (D.C. Cir. 1983).

While "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), a court need not make or accept inferences that are unsupported by allegations of fact.  *See Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994).  Ultimately, a pro se plaintiff "must present a claim upon which relief can be granted."  *Id.* (citation and internal quotation marks omitted).  Pro se plaintiffs must also "plead adequate jurisdictional facts for their claims."  *Walsh v. Hagee*, 900 F. Supp. 2d 51, 56 (D.D.C. 2012).

### III.

Defendants Bowser and the DCRB have moved separately from Defendant Mendelson. The court will consider each motion in turn.

### A.    Defendants Bowser and D.C. Retirement Board's Motion to Dismiss

Defendants Bowser and the D.C. Retirement Board assert that the claims against them should be dismissed because the court lacks subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and because Plaintiff has failed to state a claim on which relief can be granted under Rule 12(b)(6).  Defs. Bowser & DCRB's Mot. at 2.  Defendant DCRB also independently asserts that the Complaint should be dismissed against it because Plaintiff failed to properly effect service under Rule 12(b)(5).  *Id.*  The court finds that it lacks subject-matter jurisdiction over Plaintiff's claim, and so declines to reach the grounds for dismissal raised under Rule 12(b)(6) or (b)(5).

Plaintiff has not alleged facts sufficient to support a finding of jurisdiction based on either federal question, 28 U.S.C. § 1331, or diversity of parties, 28 U.S.C. § 1332.  *See Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction."). Although held to less rigorous standards than filings by attorneys, "[p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *Lammers Kurtz v. United States*, 779 F. Supp. 2d 50, 51 (D.D.C. 2011); *see also Chandler v. District of Columbia*, 578 F. Supp. 2d 73, 76 (D.D.C. 2008) (stating that even pro se plaintiffs are responsible for adequately pleading facts to support subject-matter jurisdiction).

*First*, Plaintiff has not demonstrated that the court may exercise federal question jurisdiction. Federal courts have jurisdiction over cases involving "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff is not clear about what law serves as the basis for his claims. He does, however, describe the suit numerous times as sounding in negligence and the common law. Compl. at 2; Pl.'s Opp'n to Def. Chairman Phil Mendohlson [sic] Mot. to Dismiss Compl., ECF No. 16, at 2; Pl.'s Opp'n to Defs. Mayor Muriel Bowser and DCRB's Mot. to Dismiss Compl., ECF No. 17, at 2. Such a claim does not establish federal question jurisdiction. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("A federal district court does not have federal question jurisdiction over state law torts."); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

*Second*, Plaintiff has not demonstrated that the court has diversity jurisdiction. For a federal court to exercise diversity jurisdiction, 28 U.S.C. § 1332(a)(1) requires, among other things, that the suit be between "[c]itizens of different States." The court presumes Plaintiff is a

citizen of Maryland.  Compl. at 1.[2]  Even so, the court cannot exercise diversity jurisdiction in this case.  "Diversity jurisdiction does not apply to the District of Columbia; like a State, the District is not a citizen of itself and therefore cannot be a citizen of a State different from the residence of a plaintiff."  *Colbert v. District of Columbia*, 78 F. Supp. 3d 1, 6 n.4 (D.D.C. 2015) (citing *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 292 (D.C. Cir. 2000)).  The DCRB is a D.C. government agency, and Mayor Bowser is a D.C. government official sued in her official capacity.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A [] suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."); *Bush v. District of Columbia*, No. 1:19-cv-02867 (CRC), 2019 WL 5579727, at *2 (D.D.C. Oct. 29, 2019) (holding that the plaintiff "cannot establish diversity jurisdiction with respect to those employees because the District of Columbia and its attendant agencies are not 'citizens' of any state").[3]  Thus, the court lacks diversity jurisdiction to consider Plaintiff's negligence claim.

### B.    Defendant Mendelson's Motion to Dismiss

The court dismisses the action against Defendant Mendelson for the same jurisdictional reason.  Although he has moved to dismiss on different jurisdictional grounds,[4] the court presumes

---

[2] Defendants note that, although Plaintiff provided an address in Maryland, Compl. at 1, he also checked a box on his Civil Cover Sheet indicating that he is a "Citizen of this State," meaning Washington, D.C.  Compl., Civil Cover Sheet, ECF No. 1-2, at 1.
[3] To the extent Plaintiff's complaint can be read as bringing a suit against Muriel Bowser in her individual capacity, she, like Defendant Mendelson, is not mentioned a single time in the complaint.  *See generally* Compl.  As a result, Plaintiff has failed to state a claim on which relief can be granted against Defendant Bowser in her individual capacity.  Any such claims are also dismissed.
[4] Defendant Mendelson argues that Plaintiff's claims are predicated upon his legislative duties and therefore barred, as the District's Speech or Debate Statute immunizes him from suit.  *See* Def. Mendelson's Mem. at 3–4; D.C. Code § 1-301.42.  The court need not reach this ground for dismissal.

that he too is sued in his official capacity and therefore, like the Mayor, is treated as the District itself.  Therefore, the court lacks diversity jurisdiction as to the claim against him, as well.

## IV.

For the reasons stated above, the court grants Defendant Mendelson's motion, ECF No. 4, as well as Defendants Bowser and the D.C. Retirement Board's motion, ECF No. 8.  A final, appealable order accompanies this memorandum opinion.

Dated:  September 23, 2024

_____
Amit P. Mehta
United States District Court Judge